# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 8:05CR287 |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| MICHAEL A. FOXWORTH, | ) | |
| Defendant. | ) | |

Defense counsel, on behalf of the Defendant, moved orally to withdraw. The financial affidavit submitted by the defendant shows that defendant is eligible for appointment of counsel pursuant to the Criminal Justice Act, 18 U.S.C. §3006A, and the Amended Criminal Justice Act Plan for the District of Nebraska. The court finds that the motion to withdraw should be granted and substitute counsel appointed. The Court also concludes that the trial date should be continued.

IT IS ORDERED:

1. The oral motion to withdraw is granted. Defense counsel, Kristina B. Murphree, is given leave to withdraw as counsel of record.

2. The Federal Public Defender for the District of Nebraska is appointed to represent the above named defendant in this matter. In the event that the Federal Public Defender accepts this appointment, the Federal Public Defender shall forthwith file a written appearance in this matter. In the event the Federal Public Defender should decline this appointment for reason of conflict or on the basis of the Criminal Justice Act Plan, the Federal Public Defender shall forthwith provide the court with a draft appointment order (CJA Form 20) bearing the name and other identifying information of the CJA Panel attorney identified in accordance with the Criminal Justice Act Plan for this district.

3. Counsel's appointment herein is made pursuant to 18 U.S.C. §3006A(f). At the time of the entry of judgment herein, defendant shall file a current and complete financial statement to aid the court in determining whether any portion of counsel's fees and expenses should be reimbursed by defendant.

4. The Clerk shall provide a copy of this order to the Federal Public Defender for the District of Nebraska.

5. The trial in this matter is continued from January 23, 2006, to Tuesday, March 28, 2006, at 9:00 a.m.

6. The time between today's date and March 28, 2006, shall be deemed excludable time in any computation of time under the requirement of the Speedy Trial Act for the reason that counsel require additional time to adequately prepare the case, taking into consideration the due diligence of counsel, and the novelty and complexity of this case. The failure to grant additional time could result in a miscarriage of justice.  *See* 18 U.S.C. §§ 3161(h)(8)(A) & (h)(8)(B)(i) & (iv).

DATED this 23rd day of January, 2006.

>BY THE COURT:
>
>s/Laurie Smith Camp
>United States District Judge